**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT ELKINS**

**M & M POULTRY, INC.**

     **Plaintiff,**

    **vs.**                            **CIVIL ACTION NO. 2:15 cv 32 (Bailey)**

**PILGRIM'S PRIDE CORPORATION**

     **Defendant.**

**PLAINTIFF'S SURREPLY TO DEFENDANTS REPLY BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff M&M Poultry, Inc. ("M&M") respectfully submits this Surreply to Defendant's Reply Brief in support of its Motion to Dismiss on behalf of Pilgrim's Pride Corporation ("Pilgrims" or "Defendant"). In addition to its Motion to Strike, Defendant has raised a number of new, but no more persuasive arguments and theories to support its attempt to paint the Packers and Stockyards Act ("PSA") as an antitrust statute, and to bind this Court to precedent that has never existed in the Fourth Circuit. This Surreply is not meant as an exhaustive response to Defendant's Reply, but will address those arguments and issues newly raised in Defendant's Reply.

    **I.**    **Defendant's Objection Should Be Overruled and Its Motion To Strike Should Be Denied.**

Defendant's Objection has no merit, and the case law cited in its Reply demonstrates this fact. Defendant specifically objects to Exhibits 2-5 of Plaintiff's Opposition, arguing that Plaintiff raised "new facts" beyond the pleadings that should not be considered pursuant to a 12(b)(6) motion to dismiss. For support of its argument, Defendant cites *Nemours v. Kolon*

1

*Indus.*, 637 F.3d 435 (4th Cir. 2011).  Defendant, however, fails to acknowledge that *Kolon* denied a defendant's motion to dismiss because the *defendant* argued facts beyond the scope of the complaint.  Specifically, the defendant in *Kolon* used its motion to dismiss to dispute the facts of the case, instead of accepting them as true and arguing that there was no claim under the law.  In *Kolon*, the district court granted defendant's motion to dismiss, relying on the defendant's factual characterizations of certain contracts at issue.  The Fourth Circuit overturned the lower court, holding that it was error to accept defendant's statements beyond the pleadings to grant the motion to dismiss.  *Id.* at 450.  Specifically, the Fourth Circuit stated: "because the record indicates that the parties had not yet had the opportunity to conduct reasonable discovery, converting the motion to dismiss to one for summary judgment, where such [factual] statements [beyond the pleadings], if appropriately presented, could be considered, would have been error." *Id.*  Defendant ignores the fact that its Motion to Dismiss was primarily a dispute of Plaintiff's factual allegations, just like the defendant in *Kolon*, and improper under a Rule 12(b)(6) motion where no opportunity for reasonable discovery has yet been undertaken.

Exhibits 2 and 3 are newspaper articles meant to illustrate the hypocrisy, and history of Defendant's conduct and disregard for its growers, including the Plaintiff.  These exhibits were in direct response to Defendant's continued disregard for Plaintiff, which was evidenced throughout its Motion to Dismiss.  They do not constitute factual matters outside the complaint and should not be stricken.

Exhibits 4 and 5 are not factual matters at all.  They are copies of cases and federal proposed rules that go to the legal arguments raised in Defendant's Motion to Dismiss.  Exhibit 4 is a copy of *Philson v. Goldsboro Mill. Co.,* 164 F.3d 625 (4th Cir. 1998)(unpublished). Defendant cited to this case in its Motion to Dismiss and hails it as the binding law of this Circuit.

The rules of the 4th Circuit require parties to attach copies of unpublished opinions.  *See* 4th Cir. App. Proc Rule 32.1(b).  Not only did Defendant not attach a copy of *Philson* to its Motion to Dismiss, it did not even acknowledge the case as unpublished.  Instead of acknowledging that *Philson* cannot be binding precedent in the Fourth Circuit, Defendant still clings to *Philson,* repeating the Fifth Circuit's circular and completely unsubstantiated reasoning that the *Philson* case was unpublished because the Fourth Circuit may have thought "no further precedent was needed."  [Reply p. 4].  *Wheeler v. Pilgrim's Pride Corp.,* 591 F.3d 355, 360 (5th. Cir. 2009). Essentially, Defendant would have this Court believe that *Philson* should be considered even stronger Fourth Circuit precedent *because* it is unpublished, despite the clear law stating that *Philson cannot* be precedent.  *See United States v. Lemon*, 777 F.3d 170, 175 n.3 (4th Cir. 2015) (unpublished cases "have no precedential value.").

## II. Defendant's Characterization of "Congressional Approval" of Its Position Is Misleading and Plainly False.

In addition to mischaracterizing the holdings of other circuits, most notably the Eighth and Fourth, Defendant also attempts to insinuate that Congress tacitly approved its interpretation of the PSA as requiring proof of competitive harm under §§ 192 (a) and (b).  [Reply p. 4]. Specifically, Defendant claims that Congress' successful attempt to block the United States Department of Agriculture's ["USDA"] proposed rules that would have formally memorialized the USDA's longstanding position that a finding of harm or likely harm to competition is not necessary in all cases for conduct to be found to violate §192 (a) and (b), as well as its hostility to the inherent unfairness of tournament systems.

Defendant's characterization of the Congressional process is misleading on multiple levels.  First, the process used to block these important new regulations was the result of certain members of the House Agriculture Appropriations Subcommittee.  This single Congressional

committee, through its "power of the purse" as Defendant phrases it [Reply p. 6], successfully blocked USDA's efforts to fully protect chicken farmers for the past four years. The Committee attached a rider to USDA's appropriations bill forbidding it to use funds to finalize its regulations. This process was publicly exposed by HBO's John Oliver on his show *Last Week Tonight*, which first aired May 17, 2015 (episode 38).[1] Oliver cited Congressman Steve Womack (R-AR) as the champion of blocking USDA protections for chicken farmers, and noted the significant campaign contributions he received from the large Chicken Integrators. [*See fn1, video link* at 16.03]. Oliver went on to call out every single committee member by name, publicizing what had up to then been a rather clandestine procedural process. [*Id.* at 16:35]. Not surprisingly, now that the process has been exposed for what it is, and the Congresspersons who make up the committee have been called out by name, the Committee approved just this past July, an appropriations bill that does not include this rider and "for the first time…would allow the USDA protections for contract growers to be implemented."[2] These developments also eviscerate Defendant's already weak arguments against affording the USDA *Chevron*[3] deference due to its "failure to adopt Proposed Rules". [Reply p. 8]. USDA has publicly stated that it intends to move forward to finalize and enforce the much needed protections that have been previously denied to poultry growers through legislative chicanery.[4]

---

[1] https://www.youtube.com/watch?v=X9wHzt6gBgI

[2] *See* Press Release of Congresswoman Mary Kaptur (R-OH), July 8, 2015, *Rep. Kaptur Marks Historic Progress On USDA Protections For Meat And Poultry Farmers* (Attached as Exh. 2).

[3] *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

[4] *See* Politico, "Morning Agruculture" July 24, 2015 *USDA Prepared To Move Forward With GIPSA Rulemaking* by Bill Tomson ("If an appropriations bill is signed into law without a rider preventing us from doing so, USDA is prepared to move forward with the rulemaking process," a [USDA] spokeswoman said.")
www.politico.com/morningagriculture/0715/morningagriculture19287.html

### III.   Plaintiff Made No Admissions or Concessions That Would Justify Dismissal Of Its Claims.

Plaintiff's Opposition fully addresses the Defendant's arguments made in its initial Motion to Dismiss.  Defendant tries to insinuate otherwise, citing three issues that it claims were unaddressed.  [Reply p. 13].  Defendant claims that because Plaintiff did not respond to its irrelevant arguments regarding "valid business justification", standing under PSA § 209, and its factual dispute of Plaintiff's claims that Plaintiff has conceded these arguments.

First, whether or not Defendant had a valid business justification for its actions is irrelevant outside of an antitrust context.  In its Motion to Dismiss, Defendant made the unjustified and unsubstantiated statement that the "PSA is an antitrust statute," a statement and idea which is conspicuously absent in its Reply.  Plaintiff has amply demonstrated in its Opposition that the PSA was meant to provide broader protections than the Sherman and Clayton antitrust statutes.  Thus, there is no need to address the valid business justification.  Moreover, whether a valid business justification exists is a factual issue that is in dispute.  Second, Defendant mischaracterizes Plaintiff's Complaint and Opposition regarding standing to bring claims pursuant to 9 C.F.R. §201.100.  Plaintiff has never suggested that it was bringing an action pursuant to this regulation.  Plaintiff made clear that Defendant's actions in immediately terminating the contract by refusing to provide additional flocks constitutes violations of the PSA and its regulations, and thus are *per se* violations of the contract.  [Opposition pp. 22-23].  Third, Plaintiff has fully addressed all of Defendant's arguments.

**CONCLUSION**

For the reasons stated above, Plaintiff respectfully renews its request that this Court deny

Defendant's Motion to Dismiss in its entirety and order this case to proceed to discovery.

**Respectfully submitted this 14th day of August, 2015.**

**By:**     /s/ Keith Lively
**KEITH LIVELY (WV Bar #8919)**
**DOYLE, BARLOW & MAZARD PLLC**
**1110 Vermont Ave., N.W., Suite 715**
**Washington, DC  20005**
**202.589.1834 (tel)**
**202.589.1819 (fax)**
**klively@dbmlawgroup.com**

**J. DUDLEY BUTLER (MS Bar #7626)**
**BUTLER FARM & RANCH LAW GROUP, PLLC**
*Admitted Pro Hac Vice*
**499-A Breakwater Dr.**
**Benton, MS  39039**
**(662) 673-0091 (tel)**
**(662) 673-0091 (fax)**
**jdb@farmandranchlaw.com**

**TODD JOHNSON (WV Bar #9261)**
**JOHNSON LAW, PLLC**
**PO Box 519**
**Morgantown, WV 26507**
**(304) 292-7933 (tel)**
**(304) 292-7931 (fax)**
**todd@jlawpllc.com**

*ATTORNEYS FOR PLAINTIFF*
*M & M POULTRY, INC.*